IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER ELEVEN |
| TRANSCONTINENTAL REFRIGERATED LINES, INC., | : | BANKRUPTCY NO.: 5-08-bk-50578 |
| DEBTOR | : | |
| TRANSCONTINENTAL REFRIGERATED LINES, INC., by LAWRENCE V. YOUNG, ESQUIRE, LIQUIDATING AGENT, | : | {**Nature of Proceeding**: Defendant's Motion to Dismiss Complaint (#8)} |
| PLAINTIFF | : | |
| vs. | : | |
| MICHAEL DANTONE, | : | |
| DEFENDANT | : | **ADVERSARY NO.: 5-10-ap-00085** |

# OPINION[1]

The Court has for consideration a Motion to Dismiss filed by the above-captioned Defendant. The underlying Complaint seeks to avoid three separate transfers allegedly made by the Debtor to the Defendant as recounted in paragraph 11 of the Complaint.

The Complaint seeks to avoid the transfers under 11 U.S.C. §§ 547, 548, 549, and 550, and to disallow all claims pursuant to 11 U.S.C. § 502(d). The transfers in question aggregate in total $10,655.93. Defendant argues that under 11 U.S.C. § 547(c)(9), the Complaint must be dismissed as to two of the three transfers because each transfer is under $5,475.00. 11 U.S.C. § 547(c)(9) reads as follows.

---

[1] Drafted with the assistance of Richard P. Rogers, Law Clerk.

> **§ 547 Preferences**
>> (c) The trustee may not avoid under this section a transfer–
>>> (9) if, in a case filed by a debtor whose debts are not primarily consumer debts, the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850 [FN1].
>
> [FN1] Dollar amount as adjusted by the Judicial Conference of the United States. See Adjustment of Dollar Amounts notes set out under this section and 11 U.S.C.A. § 104.

The Court has not found any reported cases analyzing Section 547(c)(9), but there are several cases construing the meaning of a similar co-subsection at 547(c)(8) which reads as follows.

> **§ 547 Preferences**
>> (c) The trustee may not avoid under this section a transfer–
>>> (8) if, in a case filed by an individual debtor whose debts are primarily consumer debts, the aggregate value of all property that constitutes or is affected by such transfer is less than $600; or

The majority view of the cases to construe Section 547(c)(8) hold that the transfers may be aggregated for purposes of meeting the monetary floor provided in Section 547(c)(8). *See Matter of Hailes*, 77 F3d 873 (5th Cir. 1996) and *In re Robles*, 2007 WL 1792320 (Bkrtcy.D.Idaho, 2007) *citing Maus v. Joint Twp. Dist. Mem. Hospital (In re Maus)*, 282 B.R. 836, 839-40 (N.D.Ohio 2002); *Wilkey v. Credit Bureau Sys., Inc. ( In re Clark)*, 217 B.R. 89, 91 (W.D.Ky.1995); *Alarcon v. Commercial Credit Corp. (In re Alarcon)*, 186 B.R. 135, 137 (D.N.M.1995); *Christians v. Am. Express Travel Related Servs. ( In re Djerf)*, 188 B.R. 586, 589 (Bankr.D.Minn.1995); *In re Bunner*, 145 B.R. 266, 266-67 (Bankr.C.D.Ill.1992); *Lewis v. State Employees Credit Union of Md. (In re Lewis)*, 116

B.R. 54, 55-56 (Bankr.D.Md.1990). Furthermore, Section 102(7)(Rules of construction) reads "[i]n this title . . . the singular includes the plural." I find the word "transfer" in Section 547(c)(9) to include the plural "transfers" thus giving added support to my finding that I should not look to three individual transfers but rather may aggregate the transfers to meet the monetary floor of Section 547(c)(9). The Defendant has provided no case law to support his position, and therefore, the Motion to Dismiss Count I under Section 547 is denied. Whether the transfers were primarily for non-consumer debt or otherwise will be a matter to be established at time of trial.

In Count II of the Complaint, the Plaintiff asserts a cause of action under Section 548(a)(1)(B) to avoid constructively fraudulent transfers. Defendant responds that this Count must be dismissed because it fails to meet the requirements of pleading fraudulent conduct under Federal Rule of Civil Procedure 9(b). The Plaintiff has not alleged actual fraud, and therefore, the elevated pleading standards of Federal Rule of Civil Procedure 9(b), as made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7009, is not applicable. *See In re Charys Holding Company, Inc.*, 2010 WL 2774852 (Bkrtcy.D.Del., 2010). Further, most Courts in the Circuit recognize that constructive fraudulent transfer claims are not analyzed under the heightened Rule 9(b) pleading standard. *Id.* at *3 n.2 *citing China Resource Prods. (U.S.A.) Ltd. v. Fayda Int'l, Inc.*, 788 F.Supp. 815, 819 (D.Del. 1992).

Finally, as to the remaining arguments advanced by the Defendant for dismissal of the Counts of the Complaint under Section 549, 550, and 11 U.S.C. § 502, the Court finds

that the Complaint survives scrutiny under the dictates of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. —, 129 S.Ct. 1937, 173 L.Ed.2d 868, 884 (2009). Utilizing those standards, as I must, I find the instant Complaint survives the instant Motion to Dismiss. The Defendant is hereby ordered to file an Answer or other responsive pleading to the Complaint on or within twenty-one (21) days of the date of this Order.

    An Order will follow.

By the Court,

John J. Thomas, Bankruptcy Judge
(CMS)

Date: September 2, 2010